UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMARR T. CRITTENDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02897-JPH-MPB |
| ) | |
| BRUCE D. IPPELL, ) | |
| WEXFORD MEDICAL SERVICES OF ) | |
| INDIANA L.L.C., ) | |
| H. DAVIS, ) | |
| STACEY SCOTT, ) | |
| Dr. CARL KUENZLI, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

The plaintiff seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. Dkt. 189. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective standard. *See id.*

There is no objectively reasonable argument the plaintiff could present to argue that the disposition of this action was erroneous. The Court granted the defendants' motion for summary judgment because no reasonable fact-finder could conclude that the individual defendants were deliberately indifferent to the plaintiff's foot condition or that there was any identifiable Wexford policy or practice that supported his *Monell* claim. Dkt. 186; dkt. 187. Mr. Crittenden states he appeals to seek a determination from the Seventh Circuit on "whether or not having flat feet can amount to a serious medical need" and claims that this has to be determined because the constitutional violations he plans to raise on appeal "hinges on whether having flat feet or dropped

1

arches can amount to serious medical need." Dkt. 189 at 2-3. In its ruling, this Court acknowledged that it need not resolve whether Mr. Crittenden's condition amounted to a "serious medical need" because the plaintiff had not shown deliberate indifference. Dkt. 186 at 7-8. Mr. Crittenden now claims that he plans to show deliberate indifference and that Wexford has policies and practices that resulted in constitutional violations, but he failed to do so in response to the motion for summary judgment. Dkt. 189 at 3-4. In pursuing an appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Accordingly, Mr. Crittenden's motion for leave to proceed *in forma pauperis* on appeal, dkt. [189], is **denied**.

**SO ORDERED.**

Date: 12/30/2020

                                    James Patrick Hanlon
                                    United States District Judge
                                    Southern District of Indiana

Distribution:

LAMARR T. CRITTENDEN
148648
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel